Filed 6/27/25  P. v. Holcomb CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084728 |
| v. | (Super. Ct. No. FSB07893) |
| JOHN DURRELL HOLCOMB, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Affirmed.

John Durrell Holcomb, in pro. per.; and Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

I.

INTRODUCTION

Defendant and appellant John Durrell Holcomb appeals from the trial court's postjudgment order denying his petition for resentencing of his second degree murder conviction (Pen. Code,[1] § 187) under section 1172.6. Appointed counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has done so. After considering the arguments raised in defendant's supplemental brief, and exercising our discretion to conduct an independent review of the record, we affirm the trial court's postjudgment order denying defendant's section 1172.6 petition. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.)

II.

FACTUAL AND PROCEDURAL BACKGROUND

*A.  Factual Background*[2]

At approximately 6:30 p.m. on May 27, 1995, a witness observed two men arguing outside her apartment complex. She then saw a man whom she identified as defendant retrieve a gun from inside his jacket and shoot the second man in the stomach.

---

[1]  All future statutory references are to the Penal Code.

[2]  The factual background is taken from the preliminary hearing.

When the victim fell towards defendant, defendant pushed the victim away and shot the victim three or four more times. Defendant then fled the scene.

## B.  *Procedural Background*

On November 14, 1995, an information was filed charging defendant with murder (§ 187, subd. (a); count 1) with the personal use of a firearm (§ 12022.5, subd. (a)) and felon in possession of a firearm (§ 12021, subd. (a)(1); count 2).  The information also alleged that defendant had sustained two prior strike convictions (§§ 1170.12, subds. (a)-(d), 667, subd. (b)-(i)) and two prior prison terms (§ 667.5, subd. (a)).

On September 2, 1997, defendant pled guilty to second degree murder.  In return, defendant was promised a stipulated sentence of 15 years to life and the dismissal of the remaining count and enhancement allegations.  Defendant was subsequently sentenced in accordance with his plea to 15 years to life and the remaining allegations were dismissed.[3]  Defendant did not appeal following his guilty plea and sentence.

---

[3] Defendant has consistently maintained that the court imposed a determinate 20 year term during the September 19, 1997, sentencing hearing, that his continued incarceration constitutes a breach of the plea bargain, and that he is "under unlawful restraint."  The appellate record does not contain the reporter's transcript of the plea hearing or the pronouncement of judgment.  However, the plea form and the abstract of judgment show that defendant was sentenced to 15 years to life.  The clerk's transcript includes an affidavit of the deputy clerk, which provides that, pursuant to Government Code section 69955, subdivision (e), the reporter's transcript of the September 2, 1997, plea hearing and the September 19, 1997, sentencing have been destroyed, because the hearing dates occurred more than 10 years ago.  On several instances in this case, the trial court explained to defendant that it did not have jurisdiction over issues related to the guilty plea and the sole matter under consideration was whether to grant defendant's section 1172.6 petition.  The court also explained to defendant, "The maximum sentence is not 20 years.  Your sentence is 15 years to life.  The plea and the minutes all say 15 years to life for second degree murder.  So that's not an issue for the court."

On December 5, 2022, defendant filed a section 1172.6 petition for resentencing, requesting that his murder conviction be vacated based on changes to sections 188 and 189 as amended by Senate Bill No. 1437 (2017-2018, Reg. Sess.) (Stats. 2018, ch. 1015). The trial court thereafter appointed counsel for defendant.

On April 17, 2023, the People filed an opposition to the resentencing petition. The People argued defendant was ineligible for section 1172.6 relief as he was not prosecuted under a theory of felony murder or the natural and probable consequences doctrine and he was the sole actual killer. The People also requested the court take judicial notice of defendant's complete record of conviction and attached the preliminary hearing transcript as an exhibit.

On July 11, 2024, defendant personally filed a "motion to object and oppose the (respondent) denial for relief and release with memorandum of points and authority that warrant evidentiary hearing" on the section 1172.6 petition.

On September 12, 2024, the trial court issued an order show cause why the court should not grant relief on the section 1172.6 petition and set an evidentiary hearing for September 26, 2024.

The evidentiary hearing on the section 1172.6 petition was held on September 26, 2024 with defendant representing himself.[4] The court took judicial notice of defendant's records and files, which included the preliminary hearing transcript and the record of conviction. At the evidentiary hearing, the court explained to defendant, "The

---

[4] The trial court granted defendant's motion to represent himself on June 6, 2024.

preliminary hearing transcript identifies you as the actual killer who shot the victim. That's it. That's what it says. [¶] . . . [¶] So if there's any evidence to suggest that isn't true, you certainly can present that to the [c]ourt. But that's the state of the evidence right now." Defendant responded, "I agree with all that. What you just stipulated. What you're saying is that's the case, and I object to it regardless."[5] The court stated, "The evidence that's presented is that you were the actual shooter that killed the victim. My question to you is: Do you have any evidence that you would like to present that would cause the Court to have a doubt about that?" Defendant replied, "I don't have no evidence right now because the fact is I'm not given an opportunity to even deal with that evidence." Defendant asked for an investigator, and the court noted that defendant had not filed a section 1050 continuance request and that the hearing would proceed as scheduled. The court then denied defendant's section 1172.6 petition, finding "beyond a reasonable doubt the defendant is the actual killer of the victim" and that defendant is "not eligible for the relief he seeks." Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case, the factual background and a summary of the procedural background. (See *People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.) Counsel considered

_____

[5] At a June 6, 2024 hearing, defendant also appeared to admit that he was the actual killer.

5

potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues. Under *Anders*, which requires "a brief referring to anything in the record that might arguably support the appeal," (*Anders*, *supra*, at p. 744) counsel raises the issue of whether the trial court abused its discretion in denying the section 1172.6 petition.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his letter brief, defendant appears to argue his plea was illegal and that he was sentenced to 20 years, questions the missing or destroyed records in this case, seeks a new attorney and investigator and subpoena of the court reporter at the time of his plea and sentencing, and asserts his constitutional rights were violated. Defendant essentially seeks review of his plea bargain.

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition to substantively amending sections 188 and 189 . . . , Senate Bill [No.] 1437 added [former] section 1170.95, [now section 1172.6,] which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959

6

(*Lewis*).)  In *Lewis*, our Supreme Court held, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

Under *Delgadillo*, if a no-issues brief is filed in a section 1172.6 appeal and the defendant then "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion."  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  We are not required to conduct "an independent review of the entire record to identify unraised issues" but may do so at our discretion.  (*Ibid.* ["While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal."])

Defendant's claims related to his plea are not cognizable in section 1172.6 proceedings.  Courts have consistently found that section 1172.6 is not a vehicle to relitigate  errors or issues already decided.  (See, e.g., *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [§ 1172.6 "is not a means by which a defendant can relitigate issues already decided"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["mere filing" of § 1172.6 petition does not afford petitioner new opportunity to raise errors related to a plea]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [§ 1172.6 is not a direct appeal].)  Resentencing proceedings under the statute involve "prospective relief from a murder conviction that was presumptively valid at the time," not the correction of errors

related to a plea.  (*People v. Strong* (2022) 13 Cal.5th 698, 713, 714.)

Defendant here pled guilty to second degree murder and his record of conviction shows that he was the actual killer.  The trial court properly denied defendant's resentencing petition for failure to show he was not the actual killer.  In fact, defendant stipulated several times that he was the actual killer.  Defendant does not dispute that fact on appeal, but instead seeks to relitigate his plea bargain.  As noted above, defendant's claims related to his plea are not cognizable in section 1172.6 proceedings.

It is well settled that section 1172.6 precludes relief as a matter of law where the record of conviction shows a defendant was the sole perpetrator and actual killer.  In *Delgadillo*, for example, our Supreme Court determined that the defendant was "not entitled to any relief under section 1172.6" because he "was the actual killer and the only participant in the killing."  (*Delgadillo*, *supra*, 14 Cal.5th at p. 233; see *People v. Garcia* (2022) 82 Cal.App.5th 956, 969 [affirming denial of resentencing because the record of conviction "unequivocally establishes" the defendant was the sole perpetrator and the actual killer]; *People v. Harden* (2022) 81 Cal.App.5th 45, 47-48 [petition for resentencing may be summarily denied when, without factfinding, weighing conflicting evidence, or making credibility determinations, the record of conviction irrefutably establishes as a matter of law that the jury determined the defendant was the actual killer].)  Here, we have reviewed defendant's record of conviction, which includes the preliminary hearing transcript, and find that defendant was the actual killer and thus not entitled to section 1172.6 relief.  (§ 1172.6; *Delgadillo*, *supra*, 14 Cal.5th at p. 233.)

8

IV.

DISPOSITION

The trial court's postjudgment order denying defendant's section 1172.6 petition

for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:


RAMIREZ

P. J.


MENETREZ

J.

9